P1aWarkP

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                        25 Cr. 13 (DEH)

5   ERDEN ARKAN,

6               Defendant.
                                         Plea
7   ------------------------------x

8                                        New York, N.Y.
                                         January 10, 2025
9                                        12:00 p.m.

10  Before:

11
                         HON. DALE E. HO,
12
                                         District Judge
13
                         APPEARANCES
14
    EDWARD Y. KIM
15        Acting United States Attorney for
          the Southern District of New York
16  BY:   CELIA V. COHEN
          HAGAN C. SCOTTEN
17        Assistant United States Attorneys

18  POTOMAC LAW GROUP
          Attorneys for Defendant
19  BY:   JONATHAN ROSEN

20
    Also Present:  Cansu Kaptaner, Interpreter (Turkish)
21                 Special Agent Jacob Balog, FBI

22

23

24

25

P1aWarkP

| 1 | (Case called; appearances noted) |

1      (Case called; appearances noted)

2      THE COURT:  Good afternoon.

3      Good afternoon, Mr. Arkan.  Please have a seat.

4      Before we get underway, my understanding is that we

5 have an interpreter present today, so I will ask Ms. Morales,

6 my courtroom deputy, to swear her in.

7      (Interpreter sworn)

8      THE COURT:  OK.  I understand that we're here today

9 because Mr. Arkan wishes to plead guilty to Count One of the

10 information in this case.  Is that correct?

11      MR. ROSEN:  Yes, your Honor.

12      THE COURT:  OK.  Before I do that, I understand,

13 Mr. Rosen, you have submitted a motion for admission *pro hac*

14 *vice*.

15      MR. ROSEN:  Your Honor, it's a prospective motion.

16 Technically, I cannot have one filed until I have a case

17 number.  Thus, I provided the Court with a draft order for the

18 Court to consider, and once a case -- assuming the motion's

19 granted, the oral motion, I will perfect that by having the

20 paperwork filed forthwith.

21      THE COURT:  OK.  Thank you, Mr. Rosen.  I'll grant the

22 oral motion for purposes of today --

23      MR. ROSEN:  Thank you.

24      THE COURT:  -- provisionally.

25      MR. ROSEN:  Yes.

P1aWarkP

| | |
|---|---|
| 1 | THE COURT:  And then once we have a case number, you |
| 2 | can file the appropriate paperwork. |
| 3 | MR. ROSEN:  Thank you, your Honor. |
| 4 | THE COURT:  OK.  Thank you. |
| 5 | OK.  Now, Mr. Arkan, before I can accept a plea of |
| 6 | guilty from you today, I have to ask a certain number of |
| 7 | questions so that I can establish to my satisfaction that you |
| 8 | wish to plead guilty because you are guilty and not for some |
| 9 | other reason and also to establish that you know what you'll be |
| 10 | giving up by pleading guilty.  If you don't understand any of |
| 11 | my questions or if you want to consult with your lawyer at any |
| 12 | time for any reason, just let me know, and I will give you as |
| 13 | much time as you need, because it is essential in order to have |
| 14 | a valid plea that you understand each of my questions before |
| 15 | you answer them. |
| 16 | Is that OK?  Do you understand? |
| 17 | THE DEFENDANT:  Yes, your Honor. |
| 18 | THE COURT:  OK.  Ms. Morales, would you please swear |
| 19 | in Mr. Arkan. |
| 20 | (Defendant sworn) |
| 21 | THE COURT:  Mr. Arkan, you're now under oath, which |
| 22 | means that if you answer any of my questions falsely, you may |
| 23 | be prosecuted for the separate crime of perjury. |
| 24 | Do you understand that? |
| 25 | THE DEFENDANT:  Yes, your Honor. |

P1aWarkP

| | |
|---|---|
| 1 | THE COURT:  What is your full name? |
| 2 | THE DEFENDANT:  Erden Arkan.  (in English) |
| 3 | THE COURT:  Would you spell that, please. |
| 4 | THE DEFENDANT:  E-R-D-E-N A-R-K-A-N.  (in English) |
| 5 | THE COURT:  And how old are you? |
| 6 | THE DEFENDANT:  As of today, 76.  (in English) |
| 7 | THE COURT:  Are you a United States citizen? |
| 8 | THE DEFENDANT:  Yes.  (in English) |
| 9 | THE COURT:  OK.  I have to ask that question because |
| 10 | there are certain possible consequences for noncitizens that I |
| 11 | will have to go over. |
| 12 | Are you a natural-born United States citizen; that is, |
| 13 | were you born here?  Or were you born elsewhere and then did |
| 14 | you become a citizen via naturalization? |
| 15 | THE DEFENDANT:  I'm a naturalized U.S. citizen. |
| 16 | THE COURT:  OK.  So there are some potential |
| 17 | consequences for naturalized citizens for a guilty judgment |
| 18 | that I will have to go over with you later, but before that, |
| 19 | how far did you go in school? |
| 20 | THE DEFENDANT:  Four years' college degree.  (in |
| 21 | English) |
| 22 | THE COURT:  And where? |
| 23 | THE DEFENDANT:  Turkey.  (in English) |
| 24 | THE COURT:  Have you ever been hospitalized or treated |
| 25 | for any mental illness? |

P1aWarkP

1           THE DEFENDANT:  No.

2           THE COURT:  Are you now or have you recently been

3    under the care of a doctor or a mental health professional,

4    such as a psychiatrist or a psychologist?

5           THE DEFENDANT:  No.  No, I'm not.

6           THE COURT:  Have you ever been treated or hospitalized

7    for any type of addiction, including drug or alcohol addiction?

8           THE DEFENDANT:  No, your Honor.

9           THE COURT:  Have you taken any drugs, medicine or

10   pills or drunk any alcoholic beverages in the last two days?

11          THE DEFENDANT:  No, your Honor.  (in English)

12          THE COURT:  Is your mind clear today?

13          THE DEFENDANT:  Yes, it is.  (in English)

14          THE COURT:  And do you understand what is happening in

15   these proceedings today?

16          THE DEFENDANT:  Yes, I understand.

17          THE COURT:  Mr. Rosen, have you discussed this matter

18   with your client -- Mr. Arkan?

19          MR. ROSEN:  Yes, your Honor.

20          THE COURT:  And does he understand the rights he would

21   be waiving by pleading guilty?

22          MR. ROSEN:  Absolutely.

23          THE COURT:  And is he capable of understanding today's

24   proceedings?

25          MR. ROSEN:  Absolutely.

P1aWarkP

1          THE COURT:  Does counsel for either side have any

2     doubt as to Mr. Arkan's competence to plead at this time?

3          MR. ROSEN:  None by the defense.

4          MS. COHEN:  No, your Honor.

5          THE COURT:  On the basis of Mr. Arkan's responses to

6     my questions, my observations of his demeanor here in court and

7     the representations of counsel, I find that Mr. Arkan is fully

8     competent to enter an informed plea of guilty at this time.

9          Now, Mr. Arkan, have you received a copy of the

10    information which contains the charge against you?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Was it translated for you, or did you read

13    it?

14         THE DEFENDANT:  Yes, but I read it.  (in English)

15    Yes, I read it.

16         THE COURT:  Do you waive public reading of it, or

17    would you like to have me read it aloud in open court?

18         (Counsel conferred with defendant)

19         THE DEFENDANT:  I waive the reading.

20         THE COURT:  Have you had enough of a chance to discuss

21    with Mr. Rosen the charge to which you intend to plead guilty

22    and any possible defenses to that charge?

23         THE DEFENDANT:  Yes.  (in English)  Yes.

24         THE COURT:  Has your lawyer explained to you the

25    consequences of entering a plea of guilty?

P1aWarkP

```
1              THE DEFENDANT:  Yes, he did.  (in English)

2              THE COURT:  Are you satisfied with Mr. Rosen's

3    representation of you?

4              THE DEFENDANT:  Yes.  Yes, your Honor.  (in English)

5              THE COURT:  OK.  I have a waiver-of-indictment form

6    here, which appears to have been signed by you.

7              Is this your signature which appears on the form?

8              (Counsel conferred with defendant)

9              THE DEFENDANT:  Yes, your Honor.  (in English)

10             THE COURT:  And before you signed it, did you discuss

11   it with your lawyer?

12             THE DEFENDANT:  Yes.  (in English)

13             THE COURT:  And did Mr. Rosen explain it to you?

14             THE DEFENDANT:  Yes, your Honor.  (in English)

15             THE COURT:  And you understand that you have no

16   obligation to waive indictment.

17             THE DEFENDANT:  Yes, I know.  (in English)

18             THE COURT:  Now, you understand that if you did not

19   waive indictment and if the government wanted to prosecute you,

20   it would have to present your case to a grand jury, which could

21   choose whether or not to indict you.

22             THE DEFENDANT:  Yes, I know.  (in English)

23             THE COURT:  And you understand that by waiving

24   indictment you're giving up your right to have this case

25   presented to a grand jury.
```

P1aWarkP

| 1 | THE DEFENDANT:  Yes, your Honor.  (in English)

| 2 | THE COURT:  And you understand what a grand jury is;

| 3 | it's a body composed of 23 people of which at least 16 must be

| 4 | present and a grand jury cannot charge a defendant unless at

| 5 | least 12 of them vote for an indictment based on probable

| 6 | cause.

| 7 | Do you understand that?

| 8 | THE DEFENDANT:  Yes, your Honor.  (in English)

| 9 | THE COURT:  Does either counsel know of any reason

| 10 | that I should not find that the defendant has knowingly and

| 11 | voluntarily waived his right to be indicted by a grand jury?

| 12 | MS. COHEN:  No, your Honor.

| 13 | MR. ROSEN:  No, your Honor.

| 14 | THE COURT:  OK.  I find that the defendant has

| 15 | knowingly and voluntarily waived his right to be indicted by a

| 16 | grand jury, and I authorize the filing of the information in

| 17 | this case.

| 18 | Mr. Arkan, I'm going to go over certain rights that

| 19 | you have.  These are rights that you are giving up by entering

| 20 | a guilty plea.  Now, again, you have the right to change your

| 21 | mind about your plea after I've gone over everything with you,

| 22 | so just please listen carefully to what I'm about to say.  And

| 23 | if you don't understand anything, stop me and your lawyer or I

| 24 | will explain it more fully to you.  OK?

| 25 | THE DEFENDANT:  Yes, your Honor.  (in English)

P1aWarkP

1          THE COURT:  Under the Constitution and laws of the

2    United States, you have a right to plead not guilty to the

3    charge in the information.

4          Do you understand that?

5          THE DEFENDANT:  Yes, I know.  (in English)

6          THE COURT:  And if you did plead not guilty, you would

7    be entitled to a speedy and public trial by a jury on the

8    charge contained in the information.

9          Do you understand that?

10         THE DEFENDANT:  Yes, I know.  (in English)

11         THE COURT:  And at the trial, you would be presumed to

12   be innocent.  What that means is you would not have to prove

13   that you were innocent.  Instead, the government would be

14   required to prove that you were guilty with competent evidence

15   beyond a reasonable doubt before a jury could find you guilty.

16         Do you understand that?

17         THE DEFENDANT:  Yes, I know.  (in English)

18         THE COURT:  Now, in order to find you guilty, a jury

19   of 12 people would have to agree unanimously -- that means all

20   of them would have to agree -- that you were, in fact, guilty.

21         Do you understand that?

22         THE DEFENDANT:  Yes, I know.  (in English)

23         THE COURT:  At that trial and at every stage of your

24   case, you would be entitled to be represented by a lawyer, and

25   if you couldn't afford a lawyer, one would be appointed at

P1aWarkP

1  public expense, free of cost, to represent you.

2              Do you understand that?

3              THE DEFENDANT:  Yes, I know, your Honor.  (in English)

4              THE COURT:  Now, during a trial, witnesses for the

5  government would have to come here to court and testify in your

6  presence.  Your lawyer could cross-examine witnesses for the

7  government, object to any evidence offered by the government

8  and also offer evidence on your own behalf if you so desired.

9  And you'd have the right to use the court's power to have

10 subpoenas issued or other process used to compel witnesses to

11 testify on your behalf, in your defense, if you so chose.

12             Do you understand that?

13             THE DEFENDANT:  Yes, your Honor.  (in English)

14             THE COURT:  Now, at trial, you'd have the right to

15 testify if you chose to do so, and you'd also have the right

16 not to testify.  And if you decided not to testify, no one,

17 including the jury, could draw any inference or suggestion of

18 guilt from the fact that you chose not to testify.

19             Do you understand that?

20             THE DEFENDANT:  Yes, your Honor.  (in English)

21             THE COURT:  Now, before the trial, you would have an

22 opportunity to seek suppression of some or all of the evidence

23 the government might use against you at trial on the ground

24 that your constitutional rights were violated.

25             Do you understand that?

P1aWarkP

```
1              THE DEFENDANT:  Yes, your Honor.  (in English)

2              THE COURT:  Now, I understand that as a part of your

3    plea agreement, you're waiving the right to receive what are

4    called discovery materials before trial, but you have a right

5    to those materials.  Those materials include all information,

6    whether admissible or not, that is favorable to you, material

7    either to guilt or to punishment and known to the prosecution.

8    This includes what's called impeachment material, which means

9    any information that could tend to undermine the credibility of

10   any witnesses for the prosecution.

11             Under normal circumstances, the government must make a

12   good faith effort to disclose that information to you and your

13   attorney as soon as reasonably possible, and a failure by the

14   prosecution to do so could result in a number of consequences,

15   including a continuance -- that's a delay; sanctions,

16   dismissal; or vacatur of conviction.

17             Do you understand that you're giving up your right to

18   receive those materials before trial?

19             THE DEFENDANT:  Yes, I do.  (in English)

20             THE COURT:  If you were convicted at trial, you would

21   have the right to appeal the verdict and any pretrial rulings

22   that I made.

23             Do you understand that?

24             THE DEFENDANT:  Yes.  (in English)

25             THE COURT:  If you plead guilty, you will also have to
```

P1aWarkP

1    give up your right not to incriminate yourself, because I may

2    ask you questions about what you did in order to satisfy myself

3    that you are, in fact, guilty as charged, and you will have to

4    admit and acknowledge your guilt.

5              Do you understand that?

6              THE DEFENDANT:  Yes, I do, your Honor.  (in English)

7              THE COURT:  Now, if you plead guilty and if I accept

8    your plea, you will give up your right to a trial and all the

9    other rights that I discussed other than your right to a

10   lawyer.  You have that right whether or not you plead guilty,

11   but there will be no trial, and I will enter a judgment of

12   guilty and sentence you on the basis of your plea after I have

13   considered what's called a presentence report.  That's a

14   document prepared by the department of probation.  And I'll

15   also consider whatever submissions I get from your lawyer and

16   from the government, but there will be no appeal with respect

17   to whether the government could use the evidence it has against

18   you or with respect to whether or not you did or did not commit

19   the crime.

20             Do you understand that?

21             THE DEFENDANT:  Yes, your Honor.  (in English)

22             THE COURT:  OK.  Even now, as you're entering your

23   plea, you still have the right to change your mind and plead

24   not guilty and to go to trial on the charge contained in the

25   information.

P1aWarkP

1              Do you understand that?

2              THE DEFENDANT:  Yes, your Honor.  (in English)

3              THE COURT:  Do you understand each and every one of

4    the rights that I have explained to you?

5              THE DEFENDANT:  Yes, I do.  (in English)

6              THE COURT:  And Mr. Arkan, are you willing to give up

7    your right to trial and all of the other rights that I have

8    just described to you?

9              THE DEFENDANT:  Yes, I accept.  (in English)

10             THE COURT:  OK.

11             I'm now going to go over the offense to which you're

12   pleading guilty and the possible consequences of a guilty plea.

13             Counsel, I invite you to interrupt me at any time if

14   you think I've misstated anything.

15             Mr. Arkan, do you understand that you are charged on

16   Count One with conspiracy to commit an offense against the

17   United States in connection with straw donations, in violation

18   of 18 U.S.C., Section 371?

19             (Counsel conferred with defendant)

20             THE DEFENDANT:  I know, your Honor, yes.  (in English)

21             THE COURT:  Ms. Cohen could, would you please state

22   the elements of the offense in question.

23             MS. COHEN:  Yes, your Honor.

24             If this matter were to proceed to trial, the

25   government would have to establish beyond a reasonable doubt

P1aWarkP

1    the following:

2            First, the existence of the conspiracy charged in

3    Count One of the information -- that is, a mutual

4    understanding, either spoken or unspoken, between two or more

5    people, to commit wire fraud;

6            Second, the defendant knowingly and willfully became a

7    member of and joined in the conspiracy; and

8            Third, the commission of an overt act in furtherance

9    of the conspiracy by at least one of the conspirators.

10           Today, the defendant need not allocute to the elements

11   of substantive wire fraud, but for the Court's information the

12   elements of that offense are a scheme or artifice to defraud or

13   to obtain money or property by materially false and fraudulent

14   pretenses, representations or promises, knowing and willful

15   participation in the scheme or artifice to defraud with

16   knowledge of its fraudulent nature and with specific intent to

17   defraud, and use of interstate wires in execution of that

18   scheme.

19           The government would also have to establish by a

20   preponderance of the evidence venue in the Southern District of

21   New York.

22           THE COURT:  Thank you, Ms. Cohen.

23           Now, Mr. Arkan, do you understand that if you were to

24   go to trial, the government would have to prove all of those

25   elements that Ms. Cohen just listed beyond a reasonable doubt

P1aWarkP

1    and also that venue is proper here in the Southern District of

2    New York by a preponderance of the evidence?

3            THE DEFENDANT:  Yes, your Honor, I do understand.  (in

4    English)

5            THE COURT:  Now I'm going to tell you about the

6    maximum possible penalty for this crime.  The maximum means the

7    most that you could possibly receive.  It doesn't mean that's

8    what you necessarily will receive, but you have to understand

9    that by pleading guilty, you're exposing yourself to the

10   possibility of receiving any combination of punishments up to

11   the maximum that I am about to describe.

12           Do you understand that?

13           THE DEFENDANT:  I do.  Yes, your Honor.  (in English)

14           THE COURT:  OK.  First I'm going to tell you about the

15   possible restrictions on your liberty.

16           The maximum term of imprisonment for this crime is

17   five years of imprisonment which could be followed by up to a

18   maximum term of three years of supervised release.

19           Supervised release means you will be subject to

20   supervision by the probation department.  There will be rules

21   of supervised release that you'll have to follow, and if you

22   violate those rules, you can be returned to prison without a

23   jury trial to serve additional time with no credit for time you

24   served in prison as a result of your sentence and no credit for

25   any time spent on postrelease supervision.

P1aWarkP

1          Do you understand that?

2          THE DEFENDANT:  Yes, your Honor.  (in English)

3          THE COURT:  You should also understand that there's no

4    parole in the federal system, and so if you're sentenced to

5    prison, you will not be released early on parole.  There is a

6    limited opportunity, however, to receive credit for good

7    behavior, but you will have to serve at least 85 percent of the

8    time that you're sentenced to.

9          Do you understand that?

10          THE DEFENDANT:  Yes, your Honor.  (in English)

11          THE COURT:  In addition to these restrictions on your

12    liberty, the maximum possible punishment also includes certain

13    financial penalties.

14          The maximum allowable fine here is $250,000, or twice

15    the gross pecuniary gain derived from the offense or twice the

16    gross pecuniary loss to other persons resulting from the

17    offense, whichever is greater.

18          In addition, the Court must order restitution to any

19    person or entity injured as a result of your criminal conduct,

20    and I understand that your agreement includes a provision to

21    make restitution in this case.

22          The Court can also order you to forfeit all property

23    derived from the offense or used to facilitate the offense.

24          Finally, I must also order a mandatory assessment of

25    $100.

P1aWarkP

1          Do you understand that these are the possible maximum

2    financial penalties for this offense?

3          THE DEFENDANT:  Yes, your Honor, I do.  (in English)

4          THE COURT:  Now, I asked before, Mr. Arkan, if you're

5    a United States citizen.

6          THE DEFENDANT:  Yes, I am U.S. citizen.  (in English)

7          THE COURT:  And I believe you said you're a

8    naturalized citizen.  Is that correct?

9          THE DEFENDANT:  Yes.  Yes, your Honor.  (in English)

10          THE COURT:  OK.  So do you understand that as a result

11    of your guilty plea, there could be adverse effects on your

12    immigration status?

13          You or anyone who obtained derivative citizenship

14    through you may be denaturalized and then detained by

15    immigration authorities following completion of your sentence,

16    removed or deported from the United States, denied citizenship

17    and denied admission to the United States in the future.

18          THE DEFENDANT:  Yes.  Yes, your Honor.  (in English)

19          THE COURT:  Did you discuss these possible immigration

20    consequences of your plea with your attorney?

21          THE DEFENDANT:  Yes, your Honor.  (in English)

22          THE COURT:  OK.  And do you understand that as a

23    result of your guilty plea, you may also lose certain valuable

24    civil rights, to the extent that you have them or could

25    otherwise obtain them, such as the right to vote, the right to

P1aWarkP

1    hold office, the right to serve on a jury and the right to

2    possess any kind of firearm?

3            THE DEFENDANT:  Yes, your Honor.  (in English)

4            THE COURT:  Are you currently serving any other

5    sentence, state or federal, or being prosecuted in any state

6    court for any crime?

7            THE DEFENDANT:  No.  No, your Honor.  (in English)

8            THE COURT:  Do you understand that if your lawyer or

9    anyone else has attempted to predict what your sentence will

10   be, that their prediction could be wrong?

11           That's because no one, not your lawyer, not the

12   government's lawyer -- no one -- can give you any assurance of

13   what your sentence will be, because I am the one who is going

14   to decide your sentence.  I'm not going to do that now.  I'm

15   going to wait until I receive a presentence report -- that's

16   the document I mentioned earlier prepared by the probation

17   department.  I have to do my own, independent calculation of

18   the sentencing guidelines range that applies here.  I have to

19   consider that and any possible departures from it, and I also

20   have to determine ultimately what a reasonable sentence is for

21   you based on the submissions from your lawyer, the submissions

22   from the government, everything that I've described, and the

23   sentencing factors that are set forth under federal law, a

24   statute found at 18 U.S.C. Section 3553(a).

25           Do you understand that?

P1aWarkP

1          THE DEFENDANT:  I do.  Yes, your Honor.  (in English)

2          THE COURT:  And have you discussed this with your

3     lawyer?

4          THE DEFENDANT:  Yes, I do.  (in English)

5          THE COURT:  Now, even if your sentence is different

6     from what your lawyer or anyone else has told you it might be,

7     even if it's different from what you expect or what's contained

8     in your written plea agreement with the government, you will

9     still be bound by your guilty plea after today, and you will

10    not be allowed to withdraw your plea of guilty.

11          Do you understand that?

12          THE DEFENDANT:  Yes, your Honor.  (in English)

13          THE COURT:  Now, I understand there's a written plea

14    agreement entered into between you and your lawyer and the

15    lawyer for the government.  Is that correct?

16          (Counsel conferred with defendant)

17          THE DEFENDANT:  Yes.  Yes, your Honor.  (in English)

18          THE COURT:  I have a copy of it here, Mr. Arkan.  It's

19    dated December 19, 2024.  It's signed by your lawyer,

20    Mr. Rosen, by you and one of the lawyers for the government,

21    Mr. Rohrbach.

22          Did you sign the original of the plea agreement on the

23    last page?

24          (Counsel conferred with defendant)

25          THE DEFENDANT:  Yes, I did.  (in English)

P1aWarkP

1           THE COURT:  And did you do that in the presence of

2     your attorney?

3           (Counsel conferred with defendant)

4           THE DEFENDANT:  Yes.  Yes, your Honor.  (in English)

5           THE COURT:  And did you read it before you signed it,

6     or was it translated for you?

7           THE DEFENDANT:  Yes, I read it.  (in English)

8           THE COURT:  You read it yourself.

9           THE DEFENDANT:  Yes.  (in English)

10          THE COURT:  And did you discuss it with Mr. Rosen

11    before you signed it?

12          THE DEFENDANT:  Yes, I did, your Honor.  (in English)

13          THE COURT:  OK.  Did you fully understand it before

14    you signed it.

15          THE DEFENDANT:  Yes, I understand.  (in English)

16          THE COURT:  Now, one of the features of your agreement

17    with the government is that you've agreed on the sentencing

18    guidelines range that applies in this case.  Again, that

19    agreement is binding on you and it's binding on the government,

20    but it's not binding on me.  I have my own obligation to

21    determine what the correct sentencing guidelines range is here

22    and ultimately what the appropriate sentence is in your case.

23    I'm not saying that I'm going to come up with anything

24    different from what you've agreed on with the government, but

25    even if I do, I will not let you withdraw your plea even if I

PlaWarkP

1   determine that the range is different or higher than the one to

2   which you agreed.

3           Do you understand that?

4           THE DEFENDANT:  Yes, your Honor.  (in English)

5           THE COURT:  Now, another feature of your agreement is

6   that you agree to make restitution payments in the amount of

7   $18,000.

8           Is that correct, and do you understand that?

9           THE DEFENDANT:  Yes, your Honor.  (in English)

10          THE COURT:  Now, in your plea agreement, you have

11  waived your right to appeal or otherwise challenge any sentence

12  that is within or below the stipulated guidelines range of zero

13  to six months of imprisonment.  In other words, if I sentence

14  you to six months or anything less than that, you would have no

15  right to appeal or otherwise try to challenge that sentence.

16          Do you understand that?

17          (Counsel conferred with defendant)

18          THE DEFENDANT:  Yes, I do.  (in English)

19          THE COURT:  Your plea agreement also specifies a

20  stipulated guidelines fine range of between 1,000 to $9,500.

21  In other words, if I impose a fine of $9,500 or anything less

22  than that, you'd have no right to appeal or otherwise try to

23  challenge that fine.

24          Do you understand that?

25          THE DEFENDANT:  Yes, I do.  (in English)

P1aWarkP

1              (Counsel conferred with defendant)

2              THE COURT:  Does the written plea agreement constitute

3    your complete and total understanding of the entire agreement

4    between you and the government?

5              (Counsel conferred with defendant)

6              THE DEFENDANT:  Yes, I did, your Honor.  (in English)

7              THE COURT:  Has anything been left out of that

8    agreement?

9              THE DEFENDANT:  No, your Honor.  (in English)

10             THE COURT:  Other than what is written in the

11   agreement, has anyone made any promise to you or offered you

12   anything or any inducement to plead guilty or to sign the

13   agreement?

14             THE DEFENDANT:  No, your Honor.  (in English)

15             THE COURT:  Has anyone threatened you or forced you to

16   plead guilty or to sign the plea agreement?

17             THE DEFENDANT:  No, your Honor.  (in English)

18             THE COURT:  Has anyone made a promise to you as to

19   what your sentence will be?

20             THE DEFENDANT:  No, your Honor.  (in English)

21             THE COURT:  OK.  Now, Mr. Arkan, would you please tell

22   me in your own words what you did that makes you believe that

23   you are guilty of the charge in the information.

24             THE DEFENDANT:  In April 2021, I used funds from the

25   corporation where I served as a principal to write checks to

P1aWarkP

1  employees.  I wrote the checks to fund the contributions by the

2  employees to Eric Adams's campaign for New York City mayors

3  2021.  The checks which I wrote the employees were given to the

4  campaign.  When I wrote the checks, I knew that the Adams

5  campaign would use the checks to apply for public matching

6  program.

7          THE COURT:  OK.  Thank you, Mr. Arkan.

8          Do we have any kind of representation or stipulation

9  as to the venue?

10          MR. ROSEN:  Yes, your Honor.  We stipulate that the

11  venue for this offense is in the Southern District of New York.

12          THE COURT:  OK.

13          Ms. Cohen, are there any questions you'd like me to

14  possess to Mr. Arkan?

15          MS. COHEN:  Your Honor, the government would proffer

16  that there were interstate wires used as part of the

17  conspiracy; that is, to include electronic communications and

18  the submission of an application for matching funds.

19          THE COURT:  Mr. Rosen.

20          MR. ROSEN:  We'll stipulate, your Honor, to those

21  facts.

22          THE COURT:  OK.  Thank you.

23          Anything else, Ms. Cohen?

24          MS. COHEN:  No, your Honor.

25          THE COURT:  Mr. Arkan, when you did these things, did

P1aWarkP

1    you know that what you were doing was wrong and illegal?

2                (Counsel conferred with defendant)

3                THE DEFENDANT:  Yes.  (in English)

4                THE COURT:  And having discussed everything that we've

5    gone over today, do you still wish to plead guilty?

6                THE DEFENDANT:  Yes, I do.  (in English)

7                THE COURT:  Mr. Rosen, do you know of any valid

8    defense that would prevail at trial, or do you know of any

9    reason why your client should not be permitted to plead guilty?

10                MR. ROSEN:  No, your Honor.

11                THE COURT:  Ms. Cohen, would you summarize what the

12    government's evidence would be and what it would prove if

13    Mr. Arkan were to go to trial.

14                MS. COHEN:  Yes, your Honor.

15                At trial, the government would establish that the

16    defendant agreed to, and did, orchestrate straw contributions

17    to official-1's 2021 campaign for New York City mayor,

18    understanding that official-1's campaign would seek public

19    funds from New York City based on a misrepresentation that the

20    listed contributors were the true contributors and that the

21    defendant transmitted and caused to be transmitted electronic

22    communications to and from the Southern District of New York

23    and elsewhere in furtherance of that scheme.

24                This scheme was planned in consultation with a Turkish

25    consular official in New York, including at a meeting at a

P1aWarkP

| 1 | restaurant during which official-1 solicited donations from the

| 2 | defendant.  The defendant then arranged to host a fund-raiser

| 3 | for official-1 at the offices of the defendant's construction

| 4 | company.

| 5 | Prior to the fund-raiser, the defendant directed that

| 6 | his company provide $1,250 per employee to ten of its

| 7 | employees.  Each of those employees then contributed that

| 8 | amount to official 1's 2021 campaign, with the exception of one

| 9 | employee who donated in his wife's name and another who donated

| 10 | $1,200 of the funds.

| 11 | In an effort to meet official-1's fund-raising

| 12 | expectations, the Turkish consular official also sent checks to

| 13 | the defendant in advance of the fund-raiser.  The defendant

| 14 | kept the consular official apprised of the total dollar amount

| 15 | raised and told him after the fund-raiser that official-1's

| 16 | assistants were very happy.

| 17 | Based on eight of these straw donations that were made

| 18 | in the names of New York City residents, official-1's 2021

| 19 | campaign requested public funds from the New York City Campaign

| 20 | Finance Board in Manhattan and fraudulently obtained public

| 21 | funds to which the campaign was not entitled.

| 22 | The government would establish these facts at trial

| 23 | through witness testimony, photographs and video, electronic

| 24 | messages, bank records and records from the New York City

| 25 | Campaign Finance Board.

P1aWarkP

1              THE COURT:  Thank you.

2              Does either counsel know of any reason -- I'm sorry.

3              Do both counsel agree that there is a sufficient

4    factual predicate for the guilty plea?

5              MS. COHEN:  Yes, your Honor.

6              MR. ROSEN:  Yes, your Honor?

7              THE COURT:  Does either counsel know of any reason

8    that I should not accept Mr. Arkan's guilty plea?

9              MS. COHEN:  No, your Honor.

10             MR. ROSEN:  No, your Honor.

11             THE COURT:  OK.

12             Mr. Arkan, because you acknowledge that you are, in

13   fact, guilty as charged in the information; because I am

14   satisfied that you know of your rights, including your right to

15   go to trial, and that you are aware of the consequences of your

16   plea, including the sentence which may be imposed; and because

17   I find that you are knowingly and voluntarily pleading guilty,

18   I accept your guilty plea and enter a judgment of guilty on

19   Count One of the information.

20             Now, the next step is that the probation department is

21   going to want to interview you in connection with a presentence

22   report that it will prepare.  If you choose to speak to the

23   probation department, please make sure that everything you say

24   is truthful and accurate.  I'm going to read that report very

25   carefully, and it's important to me in deciding what sentence

P1aWarkP

1    to impose.

2            You and your counsel will have the right to examine

3    the report and to comment on it, both when it's in a draft form

4    and then again before and at the time of sentencing.  So I urge

5    you to read that report carefully and discuss it with your

6    lawyer before sentencing.  If there are any mistakes in it,

7    please point them out to your lawyer so that Mr. Rosen can

8    bring them to the attention of the probation department or to

9    my attention before sentence.

10            Mr. Rosen, do you wish to be present for any interview

11    in connection with the report?

12            MR. ROSEN:  Yes, sir.

13            THE COURT:  OK.  I'll order that there will be no

14    interview unless counsel for Mr. Arkan is present.

15            Now, I understand that the parties have a request as

16    to when sentencing should occur.

17            MS. COHEN:  That's correct, your Honor.  The parties

18    propose that the sentencing occur after the related -- the

19    trial in the related case, and we would propose a date in

20    August or September.

21            THE COURT:  OK.  Give me one moment.

22            I'm looking at the week of August 11, and I'll propose

23    August 15.  I'll give you some time to consult your calendars.

24            MR. ROSEN:  Thank you, your Honor.

25            Acceptable to the defense, your Honor.

P1aWarkP

1          MS. COHEN:  That's fine for the government, your

2     Honor.

3          THE COURT:  OK.  We'll set the sentencing for 11 a.m.

4     on Friday, August 15.

5          Normally, I would direct the government to provide the

6     probation office with a factual statement within seven days.  I

7     don't know if there's any reason why it might be appropriate

8     for a longer period of time here.

9          MS. COHEN:  Yes, your Honor.

10          The proposed sentencing date is in contemplation of

11     having 90 days between the conclusion of the trial in the

12     related case and sentencing here, which is generally enough

13     time to conduct the PSR process.  So we would propose that the

14     PSR be prepared after conclusion of the trial as well, so in

15     May.

16          THE COURT:  OK.  Why don't I say that the government

17     shall provide the probation office with a factual statement by

18     May 30.

19          MS. COHEN:  That's fine, your Honor.

20          THE COURT:  Thank you.

21          Mr. Rosen, I'll say that you should make Mr. Arkan

22     available for an interview with the probation department by

23     June 13, two weeks after the factual statement from the

24     government.  Obviously, that's a ways out and if anything

25     changes between now and then --

P1aWarkP

```
 1              MR. ROSEN:  Thank you, your Honor.

 2              THE COURT:  -- you all just let me know; we can adjust

 3    those dates accordingly.

 4              I will refer counsel to my individual rules and

 5    practices for criminal cases, available on the court's website.

 6    There are some rules there for sentencing submissions.  In

 7    accordance with those rules, defense submissions are due two

 8    weeks prior to sentencing.  Here, that's August 1.

 9              The government's submissions are due one week prior to

10    sentencing.  If we have to move the date of sentencing, for

11    whatever reason, those dates move automatically.  So they don't

12    stay the same.

13              If either side does not intend to make a substantive

14    sentencing submission, just file a letter on ECF to that

15    effect.

16              I don't believe I have a restitution order at this

17    time.  Is that right?

18              MS. COHEN:  That's correct, your Honor.  We'll provide

19    the Court one in advance of sentencing, if that's acceptable.

20              THE COURT:  Yes, that's fine, Ms. Cohen.

21              If there are any victims that wish to be heard at

22    sentencing, please notify my chambers.

23              And then I understand there's a conversation to be had

24    about bail for Mr. Arkan.

25              MS. COHEN:  That's right, your Honor.  The parties
```

P1aWarkP

1    have a jointly proposed package for the Court's consideration.

2              It would be a $100,000 unsecured bond; the defendant

3    to surrender his passport and no new applications; travel

4    restricted to the District of New Jersey, the Eastern District

5    of New York and the Southern District of New York unless he

6    receives permission from pretrial services; supervision as

7    directed by pretrial services, and all other standard

8    conditions.

9              THE COURT:  Mr. Rosen, I just want to confirm that

10   that's agreed upon.

11             MR. ROSEN:  Yes.  Yes, sir.

12             THE COURT:  OK.  I'll approve the bail package.

13             Is there anything else that either side would like to

14   raise today?

15             Ms. Cohen.

16             MS. COHEN:  Not from the government.  Thank you, your

17   Honor.

18             THE COURT:  Mr. Rosen.

19             MR. ROSEN:  No, sir.  Thank you.

20             THE COURT:  OK.  Thank you all very much.

21             We're adjourned for today.

22             (Adjourned)

23

24

25